NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0226n.06

No. 21-6143

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 07, 2022
DEBORAH S. HUNT, Clerk

CLOMAN SMITH, )
   Plaintiff-Appellant, )
)
   v. )
)
AETNA LIFE INSURANCE COMPANY, )
   Defendant-Appellee. )
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

OPINION

Before: BOGGS, COLE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

When plaintiff Cloman Smith became disabled, he received short-term disability insurance benefits, Social Security Retirement (SSR) benefits, and after the short-term benefits expired, long-term disability (LTD) benefits. He alleges that his insurance company wrongfully reduced the amount of his long-term disability benefits by the amount of his SSR benefits. The district court held that this offset was appropriate and dismissed his complaint. We affirm.

Because the district court disposed of plaintiff's complaint by way of a motion to dismiss, we accept the truth of the factual allegations contained in the complaint. *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017). Through his employer, Smith received both short- and long-term disability benefits. Defendant Aetna Life Insurance Company administered the LTD insurance plan. This plan provided that, if the participant received "other income benefits" during a given month, the payable benefit would be their "Scheduled Monthly

LTD Benefit . . . minus all other income benefits." The plan defined "other income benefits" to include SSR benefits.

In August 2015, Smith became disabled and began receiving short-term disability insurance benefits. In December 2015, Smith began receiving SSR benefits. In February 2016, having exhausted his short-term disability benefits, Smith began receiving LTD benefits from Aetna. As part of his LTD benefit application, he noted that he was receiving SSR income, so Aetna offset the amount of his SSR benefits from his LTD benefits.

Smith then filed this lawsuit, alleging that he was underpaid because Aetna illegally offset the amount of his SSR benefits from his LTD benefits. Aetna filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing that it was entitled to offset the amount of Smith's SSR benefits from his LTD benefits per the plain language of the plan. The district court found that the plan allowed Aetna to offset the amount of SSR benefits from LTD benefits if the recipient became disabled before beginning to receive SSR benefits. Based on the dates Smith pleaded in his complaint, the court held that Aetna was permitted to offset Smith's benefits and granted Aetna's motion to dismiss. Smith timely appealed.

Smith's sole argument on appeal is that the district court erred because it failed to consider the definition of disability contained in the Summary Plan Description (SPD), which does not mention any offsetting of benefits. But Smith made no such argument to the district court, so it is not properly before us. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) ("[A]n argument not raised before the district court is waived on appeal to this Court."). Even if Smith had raised this argument before the district court, he would not prevail. Assuming he is correct that the SPD differs materially from the controlling plan document, the terms of the plan govern. *Cigna Corp. v. Amara*, 563 U.S. 421, 438 (2011). Thus, the district court correctly

considered the plan's definition of disability and offset rules, rather than the SPD's definition of disability and omission of offset.  In any event, on de novo review of the district court's decision on the merits, we see no error.

Accordingly, we affirm the judgment of the district court.